UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KHOSROW SADEGHIAN and AMY JO SADEGHIAN **Plaintiffs,** VS. UNITED STATES OF AMERICA **Defendant.** | § § § § § § § § § § | Case No. 4:13cv719 |

## MEMORANDUM OPINION AND ORDER DISMISSING CASE FOR WANT OF PROSECUTION

On December 1, 2015, this case was assigned to the undersigned by consent of the parties. *See* Dkt. 23. On January 26, 2016, the Court entered the Fourth Amended Scheduling Order in this matter, noting that the case had been pending on the Court's docket since December 2013 and setting all remaining pretrial deadlines as well as the final pretrial conference. *See* Dkt. 27.

The Order directed *pro se* Plaintiffs to deliver to the Court a copy of the Joint Final Pretrial Order prepared in accordance with Local Rule CV-16(b) and Joint Proposed Jury Instructions and Verdict Form (or proposed Findings of Fact and Conclusions of Law in nonjury cases) by April 20, 2016. *Id.* Nothing was received from Plaintiffs by the Court's deadline.

In its April 20, 2016 pretrial filings with the Court, Defendant notified the Court that Plaintiffs did not make their pre-trial disclosure pursuant to Fed. R. Civ. P. 26(a)(3) by the Court's deadline. *See* Dkt. 31; *see also* Dkts. 29 and 30 (Defendant's proposed exhibit and witness lists and

1

Defendant's proposed findings of fact). Defendant also notified the Court that, although it complied with its April 13, 2016 deadline to make its pretrial disclosures and to provide its share of information for the final pretrial order, Plaintiffs did not deliver to Defendant their share of the necessary information contained in the Joint Final Pre-trial Order or their proposed Findings of Fact and Conclusions of Law in this nonjury case. *See* Dkt. 31.

Based on the record before it, the Court finds that this case should be dismissed for want of prosecution. *See* FED. R. CIV. P. 41(b); FED. R. CIV. P. 37(b)(2)(A)(v) (a court may dismiss an action in whole or in part for a party's failure to comply with discovery order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order."); *Jackson v. Lewis Food Town, Inc.*, 203 Fed. App'x 576, 576 (5th Cir. 2006) (affirming dismissal where the magistrate judge, district judge, and counsel for the defendant "patiently and properly" sought to obtain information from the plaintiff and the plaintiff was informed of what was required and what consequences could result from failure to comply but continued to refuse to comply); *Bivins v. Mississippi Press Register, Inc.*, 72 Fed. App'x 166, 167 (5th Cir. 2003) (affirming dismissal of complaint with prejudice where the record showed that the plaintiff wilfully refused to comply with discovery orders, although the magistrate judge gave repeated extensions of the discovery deadlines).

Plaintiffs have failed to comply with the Court's clear deadlines. Plaintiffs have not provided information to Defendant as directed, nor have they filed the pretrial materials as ordered by this Court. The Court further notes that although the case has remained pending on the Court's docket

for more than 29 months, other than acknowledgments of receipt of certain court correspondence, Plaintiffs have taken essentially no action in this case since the filing of their complaint. Plaintiffs have simply not actively prosecuted their claims,

It is therefore **ORDERED** that this case is dismissed without prejudice for want of prosecution. It shall be closed on the Court's docket, and all costs shall be borne by the party incurring same.

**SO ORDERED.**

**SIGNED this 28th day of April, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE